**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DONALD RICHARDSON,

                Plaintiff,

vs.                                 CASE NO.  3:05-cv-223-J-TEM

JO ANNE B. BARNHART,
Commissioner of the
Social Security Administration,

                Defendant.

_____

**O R D E R**

      This case is before the Court on Plaintiff's Uncontested Petition for Award of Attorney Fees Under The Equal Access to Justice Act (Doc. #24).  Plaintiff avers Defendant has no objection to the request for EAJA fees.  See Doc. #24 at 6.  Accordingly, the matter is ripe for the Court's consideration.

      Based upon the motion and information contained within the record, the Court makes the following legal and factual findings:

      1.  Attorney's fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner's position here was not substantially justified, the plaintiff filed a timely application for attorney's fees, the plaintiff had a net worth of less than $2,000,000 at the time the complaint was filed, and there are no special circumstances which would make the award unjust.  *See* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2.  The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. §2412(d)(2)(A).  The awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. §406(b)(1).  There is no contention here that the claimed fee would exceed that amount.  However, Plaintiff's counsel requests an enhancement of the statutory fee rate of $125 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub.L. 104-121, §§ 231-233 as codified in 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125 should be raised to $148.75 per hour for services provided in 2005.  Having examined the Consumer Price Index for the years in question, the Court has determined that the increase in inflation justifies a proportionate increase in attorney's fees according to the year services were performed.[1]

3.  The Court thus finds that $2,603.13 ($148.75  x 17.50 hours) is a reasonable fee in this case.

4.   Plaintiff did not make any claims for costs incurred in this action.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.  Plaintiff's Petition for Attorney's Fees (Doc. #24) is **GRANTED**.

2.  The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $2,603.13 for attorney's fees.

---

[1]The Court arrived at its conclusions by visiting the following website: http://woodrow.mpls.frb.fed.us/research/data/us/calc (last visited December 29, 2005).

**DONE AND ORDERED** at Jacksonville, Florida this 9th___ day of January, 2006.

_Thomas E. Morris_

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
All Counsel of Record