UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD RICHARDSON,

    Plaintiff,

vs.                                              CASE NO. 3:05-cv-223-J-TEM

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,[1]

    Defendant.
_____

## O R D E R

Plaintiff's counsel in this Social Security case has filed Plaintiff's Uncontested Petition for Award of Attorney Fees Under to 42 U.S.C. § 406(b) (Doc. #29, Petition). Plaintiff's counsel, Erik W. Berger, seeks an award under a contingency fee contract which provides for payment of attorney fees up to twenty-five percent of the past due benefits Plaintiff was awarded in this case (Doc. #29 at 6-7, Exh. A). In this instance, Plaintiff's counsel requests this Court award $9,326 in attorney fees pursuant to 42 U.S.C. § 406(b), which is less than twenty-five percent of Plaintiff's past due benefits (*see* Doc. #29 at 2). Plaintiff's counsel represents Defendant's counsel has no objection to the amount sought in the petition. *Id.* at 5.

To date, the Commissioner has not filed a response to the instant motion and the matter is ripe for the Court's consideration.

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25, Federal Rules of Civil Procedure, Michael J. Astrue is substituted as Defendant herein.

*History of case*:

Plaintiff first filed for Disability Insurance Benefits on April 14, 1998 (Doc. #18, Plaintiff's Memorandum, at 2).[2] On that application, Plaintiff was found disabled effective January 22, 1997 (Doc. #18 at 2). Plaintiff's disability was subsequently found to have ceased effective December 2000. *Id.* Plaintiff appealed the cessation of benefits decision and a hearing was held on September 10, 2003 before Administrative Law Judge (ALJ) William H. Greer. *Id.* The ALJ affirmed the determination to cease benefits and on February 7, 2005 the Appeals Council (AC) denied Plaintiff's request for review of the ALJ's decision. *Id.* Mr. Berger began representation of Plaintiff after the ALJ issued his unfavorable decision (Doc. #29 at 1).

Subsequent to the AC's denial of review, Plaintiff filed this action with the Court in the Middle District of Florida, Jacksonville Division (Doc. #1, complaint). The Court reversed and remanded the case, at request of the parties, under sentence four of 42 U.S.C. § 405(g), on November 2, 2005. (*See* Docs. #20 and #22.)

After occurrence of the sentence four remand, a supplemental hearing was held from which Plaintiff was again denied continuation of his Social Security disability benefits (Doc. #29 at 2) and Plaintiff's counsel filed another appeal with the AC. By order dated September 15, 2007, the AC reversed the unfavorable decision of the ALJ and determined Plaintiff's disability did not end as of December 2000 and that Plaintiff remained disabled.

---

[2]As the transcript of the underlying administrative proceeding is not available for public review on the record, the Court has relied on the schedule of events as presented in the Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. #18) and Plaintiff's Uncontested Petition for Award of Attorney Fees Under to 42 U.S.C. § 406(b) (Doc. #29).

*Id.* Plaintiff was ultimately awarded past due disability benefits of $59,924.40 (*see* Doc. #29 at 2). Plaintiff's counsel advises he further developed and updated his client's file, and attended the additional administrative hearing. *Id.* Plaintiff's Notice of Award was dated February 6, 2008 (*see* Doc. #29 at 10-13).

Plaintiff was notified that she would receive a check for past due benefits in the amount of $45,598.40[3] (Doc. #29 at 11). Withheld from Plaintiff's past due benefits payment was twenty-five percent of the total benefit award in the amount of $14,326 which was reserved for attorney fees. *Id.* Plaintiff's counsel has petitioned the presiding ALJ for administrative attorney fees in the amount of $5,000 for twenty (20) hours of work at the administrative level (Doc. #29 at 3).

Pertinent to the instant motion is the contingent fee agreement Plaintiff entered into with attorney Erik W. Berger on January 19, 2004. Terms of the fee agreement specify in relevant part:

> If the [claim] is denied by the ALJ, and an appeal is filed by my Attorney, and the claim is awarded following that appeal I agree to pay a fee of 25% of my past due benefits, even if that amount is greater than the maximum amount allowable by law under 42 USCA §406(a) at the time of the decision (currently the maximum amount is $5,300.00). In that event, my Attorney would be required to submit a petition for fees to the Social Security Administration and/or Federal Court and a copy of same will be sent to client.

(Doc. #29 at 6).

---

[3]The Court notes Plaintiff's first disability check of $45,598.40 plus the withheld $14,326 results in a total past due benefits award of $59,924.40.

*Analysis*

Pursuant to 42 U.S.C. § 406(b), an attorney who successfully represents a claimant before the court in a Social Security benefits case may receive a reasonable fee which shall not exceed twenty-five percent of the past-due benefits awarded. Therefore, in such cases, contingency fee agreements are allowed, and the statute "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The attorney "must show that the fee sought is reasonable for the services rendered." *Id.* Generally, "[t]he 'best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). However, other factors that relate to reasonableness include whether there was unreasonable delay in the litigation caused by the attorney, the quality of representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. *Id.*; *see Gisbrecht*, 535 U.S. at 808.

An attorney who is successful in claiming both EAJA fees from the United States and an award under § 406(b) (which comes out of past-due benefits) must refund "to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart,* 535 U.S. at 796 (finding Congress intended the total amount of past due benefits the claimant actually received to increase by the EAJA award up to 100% of the total benefits). In this action, Plaintiff's counsel made a claim for EAJA fees (*see* Doc. #24), which were awarded (Doc. #25, Court Order) but apparently the payment was directed to Plaintiff personally as the prevailing

party.[4]  Plaintiff's counsel avers he never received the awarded EAJA fees of $2,603.13 (Doc. #29 at 2).  In fact, the fees were garnished to pay all or part of a federal debt owed by Plaintiff to the Social Security Administration (see Doc. #29 at 8, Exh. B).  Thus, Plaintiff's counsel has not received EAJA fees, which are subject to refund to the Plaintiff.

The *Gisbrecht* Court said downward adjustments in § 406(b) fees may be made if the benefits are large in comparison to the amount of time counsel has spent in the case to prevent windfalls.  *Id.* at 808.  Here, Plaintiff's counsel has stated he spent seventeen and one half (17.5) hours representing Plaintiff in the federal court action and twenty (20) hours representing Plaintiff at the administrative level.  Having reviewed the record, the Court finds the requested fee to be reasonable in relation to the amount of time spent on the case.

Counsel spent seventeen and one-half (17.5) hours representing Plaintiff in federal court (*see* Doc. #24, EAJA Petition at Exh. A; Doc. #29 at 2), which equates to an amount per hour of $532.91.  The instant motion indicates counsel's normal hourly fee for non-contingent services is between $200 and $250 per hour (Doc. #29 at 4).  The Court has noted that $250 per hour constitutes a normal hourly rate for Social Security appeals within this district, and multipliers for the contingency nature of these cases range up to 2.5 times the normal rate.

---

[4]Until recently, this Court had not been requested to direct payment of EAJA fees to either the Plaintiff, as the prevailing party, or to the Plaintiff's attorney.  See *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008), which reaffirmed that the plaintiff, not plaintiff's attorney, is the "prevailing party" within the meaning of the EAJA statute. The *Reeves* court further held that EAJA fees may be offset by the government where the plaintiff owes debts subject to the Debt Collection Improvement Act, 31 U.S.C. §§ 3701, 3716(a).  *Id.* at n.3; *see also* 31 C.F.R. § 285.5.

This Court has previously cited with approval the case of *Ellick v. Barnhart*, 445 F.Supp. 2d 1166, 1168 (C.D. Cal. 2006), where the court analyzed forty-three reported post-*Gisbrecht* decisions.  In eight of those cases the attorneys had requested fees which were less than twenty-five percent of the awarded benefits and the courts had approved those requests.  *Id.* at 1168-71. In twenty-three of those cases the courts had approved the requested twenty-five percent contingency fees, although using different reasoning.  *Id.* In those cases in which fees were reduced by the courts to less than twenty-five percent of the awarded benefits, two courts used *de facto* hourly fees of 2.5 times the attorney's normal hourly rate, three reduced fees to rates the judges considered reasonable based on experience, and in five cases the fees were reduced drastically without precise explanation. *Id.*

The Court's review of this case under the factors referenced in *Gisbrecht* and considering the relative risk of loss in accepting a social security case, reveals as follows:

1. Social Security is one of the primary areas of counsel's law practice.

2. Counsel began representing Plaintiff while the case was at the administrative level. Counsel filed a sixteen (16) page memorandum of law in support of his client's position.  The memorandum ultimately was persuasive to the requested sentence four remand.

3. The record available to the Court does not evidence any delays caused by Plaintiff's counsel.  Indeed, the time line of events in this case suggests that no unreasonable delays occurred.

4. Counsel reportedly spent 37.5 hours working on the case, 20 hours in the administrative phases and 17.5 hours in proceedings before the district court, an amount of time the Court considers very reasonable based on the complexity of the case.

5. Counsel always are accepting some risk in taking social security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level.

6. As stated above, counsel's normal hourly rate for cases of a non-contingency nature is in line with the established a baseline figure of $250 per hour for social security appeals within this district. Courts have applied multipliers to the hourly rate ranging from nothing to 2.5, in order to account for the contingency nature of social security appeals. In this action, a multiplier of 2.5 to the hourly rate of $250 would result in a total fee award for federal court representation of more than $10,000. Notably, the sought fee is less than this amount and Defendant has not opposed the sought fee.

### *Conclusion*

Considering all of the factors in the case, the Court finds the requested fee is reasonable under the direction of *Gisbrecht*. The Uncontested Petition for Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. #29) in the amount of $9,326 is **GRANTED**. The Commissioner is directed to pay, from the past due benefits held in escrow in this case, $9,326 to Plaintiff's counsel in attorney's fees for representation of Plaintiff before the Court. Any remainder of the escrowed past-due benefits shall be paid to Plaintiff once the Commissioner resolves attorney's claim against the escrowed sum.

The Clerk of Court shall enter judgment accordingly.

**DONE AND ORDERED** at Jacksonville, Florida this <u>15th</u> day of July, 2008.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record